```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ROBERT SIMON,

                Plaintiffs,

    -against-
                                            ORDER
                                            07-CV-0555(JS)(ETB)

PLAZA HOMES, LLC., ET AL,

                Defendants.
-----------------------------------X
```
Appearances:
For Plaintiff:         Robert Simon, pro se
                       4 Whinston Street
                       Coram, New York 11727

For Defendants:        No appearances

SEYBERT, District Judge:

Pending before the Court is pro se Plaintiff Robert Simon's Complaint filed on February 7, 2007. For the reasons below, the Court dismisses the Complaint without prejudice.

## BACKGROUND

Plaintiff sets forth a litany of allegations against several defendants, many of whom are public entities and officials, including the City of New York; Queens County; United States District Court, Eastern District; Federal Reserve Bank; Federal Deposit Insurance Corporation; Robert C. Heinemann; Supreme Court of the State of New York, County of Queens; and Judge Deighton S. Waithe.

Plaintiff alleges several bases of jurisdiction including, inter alia, 28 U.S.C. §§ 1331, 1332, 1335, 1397, 2361;

42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and 1988; the Mortgage Bankers & Brokers and Consumer Equity Protection Act of 1989; the Department of Banking Code Act of 1933; and the Home Equity Fraud Act. Additionally, Plaintiff alleges state pendent jurisdiction.

The Complaint is rift with legal jargon and quotes from cited statutes and cases. Plaintiff states a number of accusations against the Defendants without factual support. To the best that this Court can parse from Plaintiff's unclear Complaint, he alleges that he owns or owned property located at 139-19 22th Street, Laurelton, N.Y. 11413 and that the Defendants conspired to wilfully and maliciously convey this piece of property. Plaintiffs seeks injunctive relief and monetary damages of ten million dollars.

## DISCUSSION

Because Plaintiff proceeds pro se, the Court reads the Complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) (stating that a court must liberally construe a pro se plaintiff's pleadings, "particularly when they allege civil rights violations."). At this stage of a proceeding, the Court must weigh in favor of a plaintiff the factual allegations in the complaint. See Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Federal Rule of Civil Procedure 8 provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted by the Second Circuit, the purpose of this Rule is to provide an adverse party with notice of the claims asserted and to limit the burden imposed on both courts and litigants by unnecessarily verbose and incoherent pleadings. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Complaints containing only vague or conclusory accusations but no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are thus subject to dismissal. See Neitzke v. Williams, 490 U.S. 319, 325, 327, 109 S. Ct. 1827 (1989); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). All complaints, including pro se complaints, are required to contain at least some minimum level of factual support for their claims. See Alfaro, 814 F.2d at 887.

When a complaint fails to comply with the requirements of Rule 8, district courts have the authority to dismiss the complaint sua sponte. See Salahuddin, 861 F.2d at 42; see also Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts have the authority to dismiss frivolous actions sua sponte "to preserve scarce judicial resources"). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or

otherwise unintelligible that its true substance, if any, is well disguised." <u>Salahuddin</u>, 861 F.2d at 42.

Here, the Complaint falls far short of giving fair notice of the claims as required under Rule 8(a)(2). The claims in the Complaint are vague and unintelligible. A review of the Complaint does not reveal what the claims are or even upon what acts or allegations the claims are based. Instead, the Complaint is a disorganized series of unconnected statements, citations to statutes and cases, and unclear allegations. Thus, the Court simply cannot determine what is the substance of the Complaint. Accordingly, in light of this Court's duty to liberally construe <u>pro se</u> complaints, Plaintiff is given thirty days to file an Amended Complaint that complies with Rule 8. <u>See</u> <u>Cruz v. Gomez</u>, 202 F.3d 593 (2d Cir. 2000).

## **CONCLUSION**

For the reasons stated above, the Complaint is DISMISSED without prejudice. If Plaintiff fails to amend his Complaint within thirty days as directed by this Order, the Court dismisses this Complaint with prejudice under Fed. R. Civ. P. 8.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J

Dated: Central Islip, New York
       March 6, 2007

4